NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY BENJAMIN,

Petitioner-Appellant,

v.

BRANDON KELLY,

Respondent-Appellee.

No.   21-35260

D.C. No. 6:19-cv-00259-JE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted February 10, 2022
Portland, Oregon

Before:  PAEZ and NGUYEN, Circuit Judges, and EATON,[**] Judge.

Before us is the Certificate of Appealability issued by the United States

District Court for the District of Oregon pursuant to 28 U.S.C. § 2253(c)(2), and the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

sole question of whether Petitioner-Appellant Anthony Benjamin[1] is entitled to equitable tolling of the statute of limitations with respect to two grounds for relief raised in his second amended federal habeas petition ("Second Amended Petition"), filed June 5, 2020.

We have jurisdiction under 28 U.S.C. § 1291 and § 2253, and review de novo the district court's decision to dismiss Grounds One and Three of Benjamin's Second Amended Petition as untimely.[2] *See Smith v. Davis*, 953 F.3d 582, 587 (9th Cir. 2020) (en banc) (citation omitted). For the following reasons, we reverse and remand for review on the merits.

A habeas petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *See*

---

[1] Benjamin is an inmate in the Oregon State Penitentiary who is seeking federal habeas relief. His claim for relief is governed by a one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2244(d)(1).

[2] Benjamin's Second Amended Petition alleges three grounds for habeas relief. Ground One alleges ineffective assistance of counsel. Ground Two alleges a due process violation by the trial court. Ground Three alleges that, to the extent the court finds the deprivations listed in Grounds One and Two, taken individually, do not entitle Benjamin to relief, their cumulative effect warrants habeas relief. The district court found that Ground Two was timely under the relation-back doctrine and dismissed it on the merits.

*Holland v. Florida*, 560 U.S. 631, 645, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

1.     "[T]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Smith*, 953 F.3d at 599 (quoting *Holland*, 560 U.S. at 653). "In determining whether reasonable diligence was exercised courts shall 'consider the petitioner's overall level of care and caution in light of his or her particular circumstances.'" *Id.* (quoting *Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011)).

Benjamin acted with reasonable diligence. He frequently wrote his lawyer to inquire about the status of his case and, on numerous occasions, sought his lawyer's advice as to whether the time for filing his federal habeas petition was running. Time and time again, Benjamin's lawyer assured him, albeit erroneously, that the statute of limitations was tolled during the state post-conviction relief appeal. *See Busby*, 661 F.3d at 1014 ("Reasonable diligence does not require a petitioner to identify the legal errors in his attorney's advice and thereupon fire the attorney because such errors would have been evident to a trained lawyer . . . .").

Relying on his lawyer's advice, Benjamin waited until his lawyer told him, on January 3, 2019, that it was possible to file a federal habeas petition. Approximately one month later, on February 12, 2019, he filed a pro se habeas petition.

2. There is no per se rule governing whether an extraordinary circumstance has prevented timely filing of a habeas petition—rather, the issue must be decided on a case-by-case basis. *See Smith*, 953 F.3d at 590-91 (noting that the second *Holland* element involves a "fact-specific inquiry"). It is a fixed requirement, however, that the extraordinary circumstance be "the *cause* of a litigant's untimely filing, [or] there is nothing for equity to address." *Id.* at 591 (emphasis added).

Where a lawyer repeatedly and specifically misleads a client about his rights and obligations, that conduct can satisfy the *Holland* standard. *See* 560 U.S. at 651-52 (distinguishing between "garden variety" negligence and more serious misconduct where counsel failed to "communicate with the client, and to do basic legal research," or among other things, "made misleading statements" (citations omitted)).

Here, Benjamin has shown that his lawyer's actions qualify as an extraordinary circumstance. Throughout his representation, Benjamin's lawyer continually misled him about when the statute of limitations was running on "what was likely [Benjamin's] single opportunity for federal habeas review," thus "seriously prejudic[ing]" him. *Id.* at 653. This amounts to more than "garden variety" negligence, such as the mis-calendaring of a deadline, or similar errors of a routine, clerical nature.

Counsel's incorrect legal advice was also the cause of Benjamin's untimely filing. That is, Benjamin would have taken timely action but for his lawyer's repeated misleading statements. *See, e.g.*, *Gibbs v. Legrand*, 767 F.3d 879, 887 (9th Cir. 2014) ("[Petitioner's] ignorance of the limitations period was caused by circumstances beyond the party's control." (citation omitted)).

Accordingly, Benjamin is entitled to equitable tolling from August 18, 2017 (the date the attorney-client relationship began) to January 3, 2019 (the date counsel informed Benjamin that the statute of limitations began to run), and thus Grounds One and Three of his Second Amended Petition were timely.[3]

**REVERSED AND REMANDED.**

---

[3] The parties agree that the 178-day period between the filing of Benjamin's pro se habeas petition on February 12, 2019, and the filing of the state court record on August 9, 2019, is tolled.